USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

                -against-                    01 Cr. 002 (DAB)
                                                 ORDER
MAMDOUH MAHMUD SALIM,

                Defendant.
------------------------------------X
```
DEBORAH A. BATTS, United States District Judge

In light of the Second Circuit's vacatur of the sentence imposed by this Court in this matter, and the Supreme Court's denial of Defendant's petition for a writ of certiorari, the parties are to make new sentencing submissions: Defendant shall make his submission by February 28, 2010; the Government shall respond by April 30, 2010. There shall be no reply. The Court will then set a new sentencing date.

The parties are to include in their submissions the impact, if any, of the now advisory nature of the Sentencing Guidelines, including, but not limited to, United States v. Booker, 543 U.S. 220, 245 (2005)(requiring a "sentencing court to consider Guideline ranges [under] § 3553(a)4, but [] permit[ting] the court to tailor the sentence in light of other statutory concerns as well, [under] § 3553(a)"), Gall v. United States, 128 S.Ct. 586, 595, 597 (2007) ("reject[ing] . . . an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range" and holding that "if [a] sentence is outside the Guidelines range, the [appellate] court may not

apply a presumption of unreasonableness" ), Kimbrough v. United States, 552 U.S. 85 (2007)(noting that a sentencing judge "has greater familiarity with . . . the individual case and the individual defendant before him than the Commission or the appeals court" and is therefore "in a superior position to find facts and judge their import under § 3553(a) in each particular case") (internal citations omitted), and Nelson v. United States, 129 S.Ct. 890 (2009)(holding that the Court's "cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable").

SO ORDERED.

Dated:   New York, New York
         November 9, 2009

                                    Deborah A. Batts
                                    United States District Judge